COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, William C. Corning, claimant.

Hampshire. September 14. — October 2, 1874. WELLS & MORTON, JJ., absent.

A complaint under the St. of 1869, c. 415, § 44, alleged that intoxicating liquors were kept and deposited by some person unknown in a certain building occupied by said unknown person as a store-room. The evidence was that the liquors were deposited in a freight depot belonging to a railroad corporation; that they arrived and were deposited there in regular course of business, like other freight, and were not otherwise kept or deposited there. *Held,* a fatal variance.

COMPLAINT on the St. of 1869, *c.* 415, § 44, against certain intoxicating liquors alleged to be kept and deposited by some person unknown, in a certain building known as the Greenwich depot, " occupied by said unknown person as a store-room, the said unknown person intending to sell the same in violation of law."

At the trial in the Superior Court, before *Wilkinson,* J., William E. Lewis, a state constable, testified that he seized nine casks of liquor at the depot of the Athol and Enfield Railroad in Greenwich, in this Commonwealth; that he found it in the freight department of the depot, deposited there like other freight, as it was taken from the cars; that each barrel bore the trade-mark of " Corning & Co.," purporting that they were wholesale dealers in liquors somewhere in Kentucky or Ohio, and that they were also further marked as consigned to " C. & Co." Greenwich, Mass. Lewis also testified that there was no other store-room in the depot than the general apartment where freight was deposited from the cars, and that the liquors were no otherwise kept or deposited in the depot, nor was the depot in any other way occupied as a store-room than by the liquors being left there like other freight intended to be removed from the depot. There was no evidence than as above, as to who were intended by " C. & Co."

There was also evidence admitted under objection, tending to show that the liquors were intended to be sold in violation of law. A statement of this is now unnecessary.

The claimant asked the presiding judge to rule that the allegation that the building was occupied by the unknown keepers and depositors of the liquor as a store-room, kept therein, was not maintained on the evidence. The court declined so to rule, the jury found that the liquors were kept and deposited as alleged, and the claimant alleged exceptions.

*C. Delano*, for the claimant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. It is charged in the complaint that the liquors were kept and deposited by some person or persons not known by name to the complainants in a certain building, occupied by said unknown person or persons as a store-room. At the trial it appeared that the building belonged to a railroad corporation, and was used as a freight depot; that the casks of liquor arrived and were deposited there in regular course of business, like other freight, and were not otherwise kept or deposited there; nor was the depot otherwise occupied as a store-room for the casks, than by their being left there like other freight intended to be removed. The evidence reported in the bill of exceptions wholly fails to support the charge that the liquors were kept in a store-room occupied and kept by the unknown person or persons. It was not their store-room, nor was the property in their keeping. The variance between the allegations and the proof is so wide and so material, that the verdict cannot be sanctioned. Therefore, without considering the other objections urged by the claimant, we must order that the                    *Exceptions be sustained.*